**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GENE PLYLEY,

    Plaintiff,

v.

MARLENE L. GRANGAARD,
individually and as trustee of the
MARLENE L. GRANGAARD
REVOCABLE LIVING TRUST, dba
CLAM BEACH INN, aka CLAM DIGGER
BAR,

    Defendants.
                                   /

No. C 12-05825 WHA

**ORDER GRANTING IN PART
AND DENYING IN PART
SUMMARY JUDGMENT;
LIFTING STAY ON
DISCOVERY; AMENDING CASE
MANAGEMENT ORDER; AND
VACATING HEARING**

**INTRODUCTION**

In this action asserting claims under the Americans with Disabilities Act and state law, defendants move for summary judgment on the ADA claim after reportedly removing the barriers alleged in the complaint. For the reasons discussed, the motion is **GRANTED IN PART AND DENIED IN PART**. The stay on discovery and proceedings, as imposed by General Order No. 56, is **LIFTED**. Furthermore, this order amends the case management order, as discussed below.

**STATEMENT**

Plaintiff Gene Plyley is a physically disabled individual. On September 10, 2012, he and his caretaker visited the Clam Digger Bar, a property otherwise known as the Clam Beach Inn and which is owned by defendant Marlene L. Grangaard. This property now serves as the subject of this action.

In particular, Plyley alleged that the subject property contained three barriers to access in violation of the ADA: (1) there was no marked handicap parking; (2) the entry door to the restroom was too narrow; and (3) the restroom was not accessible (Compl. ¶ 4). Plyley filed his complaint on November 13, 2012, although his complaint was dated October 20, 2010. Since then, Plyley has not filed any amended pleadings. Moreover, the deadline for seeking leave to file pleading amendments — June 28, 2013 — has passed.

On February 26, 2013, the parties conducted a joint inspection of the subject property, as required under General Order No. 56 (Clapp Decl. ¶ 2). On July 3, the parties conducted a second joint inspection, after which defendants had their own expert conduct a separate inspection of the property on August 22. In addition, the case management order required that "each plaintiff and each defendant shall be deposed for one-half day each, without prejudice to later deposition of the same individual."

Defendants now seek summary judgment on Plyley's ADA claim on the grounds that they made several changes to the subject property and brought the alleged barriers into compliance with the ADA. Defendants also request dismissal of Plyley's state law claims without prejudice.

**ANALYSIS**

Our court of appeals has provided guidance as to what alleged barriers to consider in determining summary judgment. "[F]or purposes of [Federal Rule of Civil Procedure 8], a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011). In

*Oliver*, for example, our court of appeals affirmed the district court's grant of summary judgment where the district court declined to consider barriers alleged outside of the complaint. *Ibid.*

Accordingly, the order only considers the three barriers alleged in Plyley's complaint, even though he has suggested numerous other barriers in his submitted declarations and attached exhibits (*see, e.g.*, Plyley Exh. A; Clapp Exh. B).

### 1. MARKED HANDICAP PARKING AND WIDTH OF RESTROOM ENTRY DOOR.

Regarding the first two barriers alleged in the complaint — the lack of marked handicap parking and the narrowness of the restroom's entry door — the order finds that there is no genuine issue as to whether they violate the ADA. This is in large part because of the defense expert's declaration and report, as based on his August 22 inspection of the property. Specifically, the report presented a photograph and other evidence of how the handicap parking spot provides van access and proper accessibility markings (Blackseth Exh. B at 6). The report also noted that the restroom's entry door is 33-inches wide, and therefore in compliance with the 32-inch width requirement under ADA Standard 404.2.3 (*id.* at 7).

In contrast, nothing in the record indicates that the marked handicap parking or the width of the restroom entry door are barriers in violation of the ADA. Indeed, neither Plyley's opposition to summary judgment nor the evidence submitted in support of his opposition specifically addressed these first two barriers alleged in his complaint. This is so even after Plyley had participated in two joint inspections of the subject property, both of which involved Plyley's expert (Clapp Decl. ¶¶ 2, 3).

Nevertheless, Plyley incurs Federal Rule of Civil Procedure 56(d) in arguing that summary judgment is premature because General Order No. 56 stayed discovery in large part. He further contends that additional discovery is needed to reveal whether defendants' changes to the property would trigger current compliance with the ADA.

Ordinarily, the undersigned judge would be sympathetic to this argument, but Plyley and his expert have participated in two joint inspections of the subject property and should be in a position already, without need for further discovery, to oppose summary judgment as to these two alleged barriers. Their failure to do so speaks volumes, namely, that these two alleged

3

barriers have been brought into compliance with the ADA. Indeed, Plyley has not even set forth an affidavit or declaration that details what specific facts he expects to discover to oppose summary judgment, as required under Rule 56(d).

Thus, as to the marked handicap parking and the width of the restroom door, the order adjudicates them now and finds that summary judgment is **GRANTED**.

### 2. RESTROOM ACCESSIBILITY.

This order now addresses the third barrier alleged in Plyley's complaint and finds that at least on the evidence submitted, there is a triable issue as to whether the restroom's accessibility violates the ADA. On the one hand, defendants point to their expert's report, which acknowledged that "[t]he features do not provide a restroom that complies with all Alternation Construction standards" but that "full compliance with the ADA's alterations standards is not 'readily achievable'" and all readily achievable access modifications had already been provided (Blackseth Exh. B at 7–8).

On the other hand, Plyley submits his declaration and email, which was sent to defendants after the February 26 joint inspection. In that email, Plyley noted several alleged restroom barriers, including how the urinal is forty inches from the side wall of the water closet as opposed to the sixty inches of clearance required under ADA Standard 604.3.1 (Plyley Decl. ¶ 2; Exh. A at 3). Plyley also highlights his expert's declaration and attached findings — as based on the July 3 joint inspection — which indicated the following: "NOT 60" CLEARANCE FROM SIDE WALL AT LAVATORY" (Clapp Exh. B at 3). As such, there is at least some evidence that the restroom may be in violation of the ADA.

Defendants challenge Plyley's evidence in several ways. For instance, they argue that Plyley must produce expert testimony to establish the alleged barriers. Defendants also assert that Plyley's expert declaration does not raise a triable issue of fact because there is no evidence of the expert's competency to testify. For support, defendants rely on Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 56(c)(4).

This incorrectly suggests that the order can only consider expert evidence in deciding summary judgment. Indeed, defendants' cited authorities do not restrict Plyley to expert

evidence in opposing summary judgment. Nor has this order's own research revealed any such authority. Thus, even if Rule 702 were to preclude consideration of Plyley's expert declaration, Plyley's own declaration and attached email still presents a factual issue as to whether the restroom is inaccessible.

Defendants also assert that Plyley's expert declaration and attachments failed to assess whether the removal of any alleged barrier would be "readily achievable." This is true. On the present record, neither Plyley's expert nor Plyley himself has provided evidence that removal of the restroom's alleged inaccessibility would be readily achievable. Nonetheless, this presents a mixed question of law and fact, and Plyley deserves an opportunity to take discovery to show that removal of the restroom's alleged inaccessibility could be readily achieved, as based on "the overall financial resources of the facility," "the overall financial resources of the covered entity," and other applicable ADA factors. *See* 42 U.S.C. 12181(9)(A)–(D).

As a result, summary judgment as to the third alleged barrier is **DENIED WITHOUT PREJUDICE**. The order thus does not reach the issue of whether Plyley's state law claims should be dismissed without prejudice. Furthermore, General Order No. 56's stay on discovery and proceedings is **LIFTED**, such that discovery may only go forward on whether the alleged inaccessibility of the restroom violates the ADA and whether removal of such a barrier is readily achievable. Of note, defendants may file another summary judgment motion after ninety days as to the third alleged barrier, so long as they cooperate with Plyley in discovery. If Plyley is not diligent in seeking discovery, however, no further continuances will be allowed.

**CONCLUSION**

For the reasons stated, defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. The stay on discovery and proceedings is **LIFTED**, as described above. The hearing previously set for November 7, 2013, is **VACATED**.

Additionally, this order amends the case management order only to the following extent. Parties may conduct non-expert discovery until **JANUARY 30, 2014**. The last date for designation of expert testimony and disclosure of full expert reports under Rule 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall also be **JANUARY 30, 2014**.

Defendants may also file a summary judgment motion as to the third alleged barrier, noticed on a regular 35-day track, should they decide to do so. The last date to file dispositive motions will also be **JANUARY 30, 2014**.

**IT IS SO ORDERED.**

Dated: November 1, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE