IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GENE PLYLEY,

    Plaintiff,

  v.

MARLENE L. GRANGAARD, individually and as trustee of the MARLENE L. GRANGAARD REVOCABLE LIVING TRUST, dba CLAM BEACH INN, aka CLAM DIGGER BAR,

    Defendants.

No. C 12-05825 WHA

**ORDER GRANTING SECOND MOTION FOR SUMMARY JUDGMENT**

This is an action asserting claims under the Americans with Disabilities Act and state law. Following a November 1 order that granted in part and denied in part defendants' first motion for summary judgment (Dkt. No. 39), defendants now move for summary judgment once again (Dkt. No. 40). The main issue here is whether the accessibility of defendants' restroom violates the ADA, by presenting an alleged barrier for which removal could be readily achieved. Both sides also request that the undersigned judge decline supplemental jurisdiction over the state law claims (*see* Dkt. No. 41).

In that connection, the November 1 order permitted the parties to conduct discovery as to whether the restroom's accessibility still posed a barrier and whether removal of any such barrier was readily achievable. Plaintiff's attorney Jason Singleton then noticed a second deposition of defendant Marlene Grangaard for January 21. Plaintiff himself, however, did not attend this

deposition. As shown in the deposition's transcript, Attorney Singleton explained (Flynn Exh. F at 3):

> We are here for the deposition of Marlene Grangaard. I haven't been able to get a hold of my client. I finally got a hold of his home healthcare provider this morning, who advises me that my client is terminally ill and not expected to survive long. So we have chatted this morning about how the case might resolve, and we're going to work to that end, but there's no reason to proceed with the deposition since my client is terminally ill and not expected to survive long.

Defense counsel assert that they incurred $3,276.51 in fees and costs in connection with this second deposition, and to that end, have submitted a letter request for reimbursement from Attorney Singleton (Dkt. No. 47). To date, no affidavit or declaration has been provided to confirm plaintiff's purported terminal illness.

On this record, nothing indicates that the restroom's accessibility somehow violates the ADA. Indeed, defendants have provided a declaration and report from their expert, who stated that the restroom has been altered to provide all "readily achievable" access modifications (Flynn Exh. F). Meanwhile, Attorney Singleton has provided no evidence that the restroom presents an alleged barrier, much less evidence that any such barrier could be readily removed. This is so even after the parties conducted two joint inspections of defendants' property, and after the November 1 order permitted discovery to go forward specifically as to the restroom's accessibility.

Nor has Attorney Singleton opposed defendants' present motion for summary judgment. Instead, he has filed only (1) an "offer of stipulation" to dismiss the ADA claim and decline supplemental jurisdiction over the remaining state law claims, and (2) his declaration, stating that he offered to dismiss this action with prejudice (Dkt. Nos. 41, 46). Defense counsel have stated that they are willing to stipulate to a dismissal with prejudice *if* Attorney Singleton reimburses them for the fees and costs incurred with defendant Grangaard's second deposition.

At yesterday's hearing on the present summary judgment motion, Attorney Singleton did not appear. This was so even after the undersigned judge waited thirty minutes past the hour to call this case, and after an order dated February 21 stated that the summary judgment hearing

2

would still proceed as scheduled (Dkt. No. 44). No explanation has been provided as to why Attorney Singleton missed this hearing.

Defendants' second motion for summary judgment is accordingly **GRANTED**. The parties' request to decline supplemental jurisdiction over the state law claims is also **GRANTED**. As stated at yesterday's hearing, defense counsel may file a proper motion for attorney's fees, as well as discovery sanctions, noticed on a 35-day track; such a motion is due by **12 PM ON MARCH 13**. In the meantime, this case is **DISMISSED WITH PREJUDICE**. Judgment will be entered separately.

**IT IS SO ORDERED.**

Dated: March 7, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE