United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GENE PLYLEY,

    Plaintiff,

v.

MARLENE L. GRANGAARD,
individually and as trustee of the
MARLENE L. GRANGAARD
REVOCABLE LIVING TRUST, dba
CLAM BEACH INN, aka CLAM DIGGER
BAR,

    Defendants.
                                                 /

No. C 12-05825 WHA

**ORDER DENYING IN PART AND
GRANTING IN PART MOTION
FOR ATTORNEY'S FEES
AND DISCOVERY SANCTION;
AND VACATING HEARING**

## INTRODUCTION

In this action alleging violations of the Americans with Disabilities Act and several California laws, defendants move for attorney's fees and a discovery sanction. The motion is **DENIED IN PART AND GRANTED IN PART**. The hearing on May 1, 2014, is **VACATED**.

## STATEMENT

The background of this action is set forth in a prior order (*see* Dkt. No. 39). In brief, plaintiff Gene Plyley claimed that the Clam Beach Inn contained three barriers to access in violation of the ADA: (1) there was no marked handicap parking; (2) the entry door to the restroom was too narrow; and (3) the restroom was inaccessible (Compl. ¶ 4). The complaint also alleged violations of the California Disabled Persons Act and other state laws, based on

1  these same reported barriers (*see id.* ¶ 54). Defendant Marlene L. Grangaard is the owner of the
2  Clam Beach Inn.

3  On November 1, 2013, an order granted summary judgment for defendants after they
4  voluntarily removed the first two barriers (Dkt. No. 39). That order, however, denied summary
5  judgment as to the third barrier, because there remained "some evidence that the restroom may
6  be in violation of the ADA." The November 1 order also found that removal of the restroom's
7  alleged barrier presented a mixed question of law and fact, such that the parties were permitted
8  to conduct discovery on the purported inaccessibility.

9  As a result, plaintiff's attorney Jason Singleton noticed a second deposition of Grangaard,
10 to take place in Eureka. Plaintiff himself did not — nor was he required to — attend that
11 deposition. As recorded in the deposition's transcript, Attorney Singleton stated (Flynn Exh. B
12 at 3):

> We are here for the deposition of Marlene Grangaard. I haven't been able to get a hold of my client. I finally got a hold of his home healthcare provider this morning, who advises me that my client is terminally ill and not expected to survive long. So we have chatted this morning about how the case might resolve, and we're going to work to that end, but there's no reason to proceed with the deposition since my client is terminally ill and not expected to survive long.

Defense attorney Laura Flynn then responded (*ibid.*):

> And I did send e-mails or attempted to send e-mails to [Attorney Singleton] to confirm that the deposition was going forward here today, and I didn't receive a response, and we called this court reporting office yesterday before I drove to come up here, and they say they called you at 11:00 and you confirmed that the deposition was going forward, so we reserved our right to recover any fees and costs associated with us driving up here and appearing here today.

23 On January 30, 2014, defendants brought a second motion for summary judgment on the
24 restroom's alleged inaccessibility. Attorney Singleton responded only with a request for
25 dismissal of this action, after defendants declined a stipulation to dismiss due to their demands
26 for attorney's fees and a discovery sanction. Despite having requested a dismissal, however,
27 Attorney Singleton failed to show up at the hearing. An order then granted defendants' second
28 motion for summary judgment, with the caveat that jurisdiction would be retained "to the extent

2

1  that defense counsel file a properly noticed motion for attorney's fees and/or discovery
2  sanctions" (Dkt. No. 49).

Defendants now move for two items: (1) $33,220 in attorney's fees for defense counsel's work on this action; and (2) $3,776.51 as a discovery sanction against Attorney Singleton, for costs and attorney's fees incurred by defendants for Grangaard's second deposition. Although Attorney Singleton challenges the requested discovery sanction, he has filed no opposition to the sought-after attorney's fees.

**ANALYSIS**

**1.   ATTORNEY'S FEES.**

The American Rule provides that a prevailing litigant ordinarily is not entitled to collect reasonable attorney's fees from the losing party. "This default rule can, of course, be overcome by statute." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007).

Accordingly, defendants argue for attorney's fees under two statutes. *First*, they point to Section 55 of the CDPA (emphasis added):

> Any person who is aggrieved or potentially aggrieved by a violation of Section 54 or 54.1 of this code . . . may bring an action to enjoin the violation. The prevailing party in the action *shall be entitled* to recover reasonable attorney's fees.

A violation of the ADA constitutes a violation of the CDPA. *See, e.g.*, Cal. Civ. Code 54(c), 54.1(d). *Second*, defendants cite Section 12205 of the ADA, which states that a district court, "*in its discretion, may allow* the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . ." (emphasis added). In our circuit, Section 12205 "mean[s] that only plaintiffs who bring frivolous claims are to be saddled with paying attorney's fees to the defendant." *Hubbard v. SoBreck, LLC*, 554 F.3d 742, 744 (9th Cir. 2009).

This order cannot award attorney's fees under Section 55. As held by our court of appeals, "to the extent that Section 55 does authorize the award of fees to a prevailing defendant on nonfrivolous CDPA state claims that parallel nonfrivolous ADA claims, there is a conflict and the ADA preempts Section 55 of the CDPA." *Hubbard*, 554 F.3d at 747. Recognizing that the issue of preemption had not been raised before the district court, *Hubbard* considered the

3

situation in which "a losing plaintiff [] brought both a nonfrivolous ADA action and a parallel action under Section 55." Our court of appeals explained that "[i]n such a case, the proof required to show a violation of the CDPA and of the ADA is identical," and that "a grant of fees on the California cause of action is necessarily a grant of fees as to the ADA claim." *Hubbard* therefore held that "preemption principles preclude the imposition of fees on a plaintiff for bringing nonfrivolous claims under state law that parallel claims also filed pursuant to the federal law," as the ADA does not permit attorney's fees to defendants in nonfrivolous ADA actions. *Id.* at 745–47.

So too here. It is undisputed that the purported CDPA violations were based on the same barriers underlying the ADA allegations. The complaint, for instance, asserted both types of violations in terms of the items described "in Paragraph 4," *i.e.*, the three barriers concerning the handicap parking, the restroom's entry door, and the restroom's accessibility (Compl. ¶¶ 4, 29, 54). As a result, the reported CDPA violations and the ADA allegations presented parallel claims, such that the ADA preempts Section 55 and bars attorney's fees sought thereunder.

Section 12205 also does not allow for attorney's fees here. As noted above, this provision only permits attorney's fees where a plaintiff's claims were frivolous, or where "the plaintiff continued to litigate after it clearly became so." *See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978). Defendants suggest that such frivolousness exists here because plaintiff "did not oppose [their second] motion for summary judgment or appear at the hearing" (Br. 5).

The order disagrees. While it is true that plaintiff did oppose the second summary judgment motion or appear at the hearing, this does not render his claims frivolous. Indeed, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co.*, 434 U.S. at 421–22 (emphasis in original). Given that the November 1 order had found at least some evidence of the restroom's alleged inaccessibility, it cannot be said that plaintiff's claims were frivolous. Moreover, defendants have not submitted an accompanying declaration or affidavit —

4

explaining that counsel met and conferred on the present motion, or why such a conference was not held — as required by Civil Local Rule 54-5(b)(1). This is so even after an order asked counsel to address this requirement by April 16, 2014 (Dkt. No. 56).

Nevertheless, defendants make one last argument for full-case attorney's fees. Citing to *Jankey v. Song Koo Lee*, 55 Cal. 4th 1038, 1056 (2012), they argue that "where a non-fee-shifting claim overlaps with a fee-shifting claim, it does not limit fee awards under the fee-shifting claim" (Br. 5–6). Even so, this argument does not resolve the preemption problem or the requirements of Rule 54(b)(1). In addition, while *Jankey* disagreed with *Hubbard*'s decision that the ADA preempts Section 55 in certain situations, "[p]reemption is a question of federal law . . . ." *Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Const. Co.*, 846 F.2d 1213, 1218 (9th Cir. 1988). This order thus follows *Hubbard* and declines defendants' motion for attorney's fees.

**2.     DISCOVERY SANCTION.**

With respect to Grangaard's second deposition, Defendants also seek $3,776.51 as a discovery sanction against Attorney Singleton. Federal Rule of Civil Procedure 30(g)(1) provides the governing authority (emphasis added):

> A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to *. . . attend and proceed with the deposition . . . .*

In that connection, Attorney Flynn declares that she had e-mailed Attorney Singleton to confirm Grangaard's second deposition. Receiving no response, she contacted the court reporter's office, which said that it had called Attorney Singleton "at 11:00 and [that he] confirmed that the deposition was going forward" (Flynn Exh. B at 3). Attorney Flynn then drove 273 miles from San Francisco to Eureka to attend the deposition, incurring $3,375 in attorney's fees, $305.76 in mileage costs, and $95.75 for a hotel room the night before the deposition. In particular, the $3,375 amount for attorney's fees is based on Attorney Flynn's hourly rate of $250, as well as her 13.5 hours spent on the deposition — *i.e.*, eleven hours of traveling to and from Eureka, half an hour of preparing Grangaard for her deposition, and two hours of preparing the present motion (Flynn Decl. ¶¶ 2–7).

5

Nonetheless, Attorney Singleton unilaterally cancelled the deposition when it began. The only excuse he gives is this: "It was only the morning of the deposition itself that it was learned [p]laintiff would not survive the litigation process" (Singleton Decl. ¶ 2). Attorney Singleton further declares that he "had been attempting to contact [p]laintiff" prior to the deposition, had "left several messages for [plaintiff] on his voicemail," and "has not been able to contact [plaintiff] in any fashion since before the scheduled deposition until the present time" (*ibid.*). These are vague statements that beg the question of how hard Attorney Singleton actually tried to speak with his client. Of note, there is no declaration from plaintiff or his healthcare provider, nor any death certificate or obituary listing provided on plaintiff's behalf. Defendants, on the other hand, have submitted screenshots of a still-active Facebook page for "Gene Plyley," without any challenge from Attorney Singleton (Dkt. No. 43).

Accordingly, as between a lawyer who noticed a deposition and then unilaterally cancelled it when it began, and a lawyer who followed the rules and confirmed and prepared for that deposition, the order finds that the former should pay for defense counsel's expenses and fees for the aborted deposition. In these circumstances, $3,776.51 presents a reasonable request for travel costs, travel time, lodging, and time expended in bringing the present motion. *See, e.g.*, *Jones v. Lehigh Sw. Cement Co., Inc.*, 1:12-CV-00633-AWI-JL, 2014 WL 346619, at *6 (E.D. Cal. Jan. 30, 2014) (Judge Jennifer L. Thurston). The motion for a discovery sanction is therefore **GRANTED**.

## CONCLUSION

To the extent stated above, defendants' motion is **DENIED IN PART AND GRANTED IN PART**. A discovery sanction of $3,776.51 is granted in favor of defendants and against Attorney Singleton. This amount must be paid by Attorney Singleton by **MAY 9, 2014**, unless a notice of appeal thereon is filed by that date. The hearing on May 1, 2014, is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6